UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

Zai You Zhu and Xiao Cheng, Individually and on behalf
of all other employees similarly situated,

                                        Plaintiffs,

                    - against -

Meo Japanese Grill and Sushi Inc. d/b/a MeO Japanese
Hibachi, Rafael Kasaev, Michael Musheyev and Hananya
Aranbaiev

                                        Defendants.
_____

Case No.

**COLLECTIVE & CLASS
ACTION COMPLAINT**

        Plaintiffs Zai You Zhu and Xiao Cheng, on their own behalves and on behalf of all others

similarly situated, by and through their undersigned attorneys, Hang & Associates, PLLC, hereby

file this complaint against the Defendants Meo Japanese Grill and Sushi Inc. d/b/a MeO Japanese

Hibachi, Rafael Kasaev, Michael Musheyev, and Hananya Aranbaiev (collectively "Defendants"),

allege and show the Court the following:

## INTRODUCTION

        1.      This is an action brought by Plaintiffs on their own behalves and on behalf of

similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201

et seq. ("FLSA") and the New York Labor Law ("NYLL") arising from Defendants' various

willful and unlawful employment policies, patterns and/or practices.

        2.      Upon information and belief, Defendants have willfully and intentionally

committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of

failing to pay their employees, including Plaintiffs overtime compensation for all hours worked

over forty (40) each workweek.

3.     Upon information and belief, Defendants willfully and intentionally misclassified Plaintiffs and all other members of the proposed Classes as salaried, exempt employees, at all times in which they worked as chefs.  Defendant's improper classification resulted in the failure to properly compensate its Chefs Chef with overtime pay as required under applicable federal law.

4.     Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

5.     Plaintiffs further allege pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that they are entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) unpaid "spread of hours" premium for each day they worked ten (10) or more hours, (3) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL (4) unlawful gratuities deductions (5) liquidated damages equal to the sum of unpaid "spread of hours" premium, unpaid overtime pursuant to the NY Wage Theft Prevention Act; (6) prejudgment and post-judgment interest; and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

6.     This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

7.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

**PLAINTIFFS**

8.     Plaintiff Zai You Zhu is a resident of Kings and has been employed by the Restaurant located at 185-01 Union Turnpike, Fresh Meadows, New York, 11366 as a Chef from September 1, 2016 to the present.

9.     Plaintiff Xiao Cheng is a resident of Kings and has been employed by the Restaurant located at 185-01 Union Turnpike, Fresh Meadows, New York, 11366 as a Chef from August 21, 2016 to the present.

**DEFENDANTS**

10.     Upon information and belief, Defendant, Meo Japanese Grill and Sushi Inc. owns and operates a restaurant in Queens located at 185-01 Union Turnpike, Fresh Meadows, New York, 11366.

11.     Upon information and belief, Defendant, Meo Japanese Grill and Sushi Inc. d/b/a MeO Japanese Hibachi has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, Meo Japanese Grill and Sushi Inc. purchases and handles goods moved in interstate commerce.

12.     Upon information and belief, Defendant Rafael Kasaev is the owner, officer, director and/or managing agent of Meo Japanese Grill and Sushi Inc. d/b/a MeO Japanese Hibachi and participates in the day-to-day operations of MeO Japanese Hibachi and acts intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Meo Japanese Grill and Sushi Inc. (See Exhibit 2).

13.     Upon information and belief, Defendant Rafael Kasaev owns the stock of Meo Japanese Grill and Sushi Inc. and manages and makes all business decisions including but not

limited to the amount in salary the employee will receive and the number of hours employees will work.

14.     Upon information and belief, Defendant Michael Musheyev is the owner, officer, director and/or managing agent of Meo Japanese Grill and Sushi Inc. d/b/a MeO Japanese Hibachi and participates in the day-to-day operations of MeO Japanese Hibachi and acts intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Meo Japanese Grill and Sushi Inc. (See Exhibit 2).

15.     Upon information and belief, Defendant Michael Musheyev owns the stock of Meo Japanese Grill and Sushi Inc. and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

16.     Upon information and belief, Defendant Hananya Aranbaiev is the owner, officer, director and/or managing agent of Meo Japanese Grill and Sushi Inc. d/b/a MeO Japanese Hibachi and participates in the day-to-day operations of MeO Japanese Hibachi and actes intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Meo Japanese Grill and Sushi Inc. (See Exhibit 2).

17.     Upon information and belief, Defendant Hananya Aranbaiev owns the stock of Meo Japanese Grill and Sushi Inc. and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

18.    At all times relevant herein, Meo Japanese Grill and Sushi Inc. was, and continues to be, "enterprise engaged in commerce" within the meaning of FLSA.

19.    At all relevant times, the work performed by Plaintiffs were directly essential to  the business operated by Meo Japanese Grill and Sushi Inc..

20.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned  overtime  compensation  and  spread-of-hour premiums, and failed to provide them a wage notice at the time of hiring in violation of the NYLL.

21.    Plaintiffs have fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

## STATEMENT OF FACTS

22.    Defendants committed the following alleged acts knowingly, intentionally and willfully.

23.    Defendants knew that the nonpayment of overtime pay, spread of hours pay, and failure to provide the required wage notice at the time of hiring would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

### *Plaintiff Zai You Zhu*

24.    From September 1, 2016 to the present, Plaintiff Zai You Zhu has worked as a chef in the front of Defendants' restaurant located at 185-01 Union Turnpike, Fresh Meadows, New York, 11366.

- From September 1, 2016 to October 1, 2016

25.    During this period, Plaintiff worked five days per week with Friday and Saturday off. His daily work schedule was the same for all his workdays and is as follows: From Monday to Thursday, Plaintiff worked from 1:00pm to 12:30am, but frequently up to 2:00am. On Sunday,

he worked from 12:00pm to 12:30am, but frequently up to 2:00am. During this period, Plaintiff thus worked between 58.5 to 66 hours per week.

- From October 2, 2016 to December 20, 2016

26.     During this period, Plaintiff worked six days per week with Friday off. His daily work schedule was the same for all his workdays and is as follows: From Monday to Thursday, Plaintiff worked from 1:00pm to 12:30am, but frequently up to 2:00am. On Saturday, he would start to work between 7pm to 9pm depending on Shabbat Candle-Lighting Times, and worked until 12:30 am, but frequently up to 1:00am. On Sunday, he would work from 12:00pm to 12:30am, but frequently up to 2:00am. During this period, Plaintiff thus worked between 64 to 72 hours per week.

- From December 21, 2016 to the Present

27.     During this period, Plaintiff has worked five days per week with Wednesday and Friday off. His daily work schedule has been the same for all his workdays and is as follows: From Monday to Tuesday, Plaintiff has worked from 2:00pm to 12:30am, but frequently up to 2:00am. On Thursday, Plaintiff has worked from 12:00pm to 12:30am, but frequently up to 2:00am. On Saturday, he has started to work between 7pm to 9pm depending on Shabbat Candle-Lighting Times, and worked until 12:30 am, but frequently up to 1:00am. On Sunday, he has worked from 12:00pm to 12:30am, but frequently up to 2:00am. During this period, Plaintiff thus has worked between 51.5 to 58 hours per week.

28.     For all the relevant time, Plaintiff's compensation has been calculated based on a daily rate of $200 and has been paid half in both cash and check.

29.     For all the relevant time, Plaintiff has been paid in average of $50 per week in tips. The Restaurant's tip policy is that 15% of tips collected by all server employees should be

distributed to Plaintiffs Zai You Zhu and Xiao Cheng. However, defendants has taken all 15% of tips collected by all server employees only distributed a small portion of it to Plaintiffs Zai You Zhu and Xiao Cheng and has taken away the rest of tips. As a result, the defendants have illegally taken away in average of $300 per week in tips from Plaintiff Zai You Zhu.

### *Plaintiff Xiao Cheng*

30.     From August 21, 2016 to the present, Plaintiff Xiao Cheng has worked as a chef in the front of Defendants' restaurant located at 185-01 Union Turnpike, Fresh Meadows, New York, 11366.

- From August 21, 2016 to October 1, 2016

31.     During this period, Plaintiff worked five days per week with Friday and Saturday off. His daily work schedule was the same for all his workdays and is as follows: From Monday to Thursday, worked work from12:00pm to 12:30am, but frequently up to 2:00am. During this period, Plaintiff thus worked between 58.5 to 66 hours per week.

- From October 2, 2016 to December 20, 2016

32.     During this period, Plaintiff worked six days per week with Friday off. His daily work schedule was the same for all his workdays and is as follows: From Monday to Thursday, Plaintiff worked from 1:00pm to 12:30am, but frequently up to 2:00am. On Saturday, he would start to work between 7pm to 9pm depending on Shabbat Candle-Lighting Times, and worked until 12:30 am, but frequently up to 1:00am. On Sunday, he would work from12:00pm to 12:30am, but frequently up to 2:00am. During this period, Plaintiff thus worked between 64 to 72 hours per week.

- From December 21, 2016 to the Present

33.     During this period, Plaintiff has worked five days per week with Wednesday and Friday off. His daily work schedule has been the same for all his workdays and is as follows: From Monday to Tuesday, Plaintiff has worked from 2:00pm to 12:30am, but frequently up to 2:00am. On Thursday, Plaintiff has worked from 12:00pm to 12:30am, but frequently up to 2:00am. On Saturday, he has started to work between 7pm to 9pm depending on Shabbat Candle-Lighting Times, and worked until 12:30 am, but frequently up to 1:00am. On Sunday, he has worked from12:00pm to 12:30am, but frequently up to 2:00am.  During this period, Plaintiff thus has worked between 51.5 to 58 hours per week.

34.     For all the relevant time, Plaintiff's compensation has been calculated based on a daily rate of $200 from August 21, 2016 to March 31, 2017 and a daily rate of $225 from April 1, 2017 to the present, and has been paid half in both cash and check.

35.     For all the relevant time, Plaintiff Xiao Cheng has been paid in average of $100 per week in tips. The Restaurant's tip policy is that 15% of tips collected by all server employees should be distributed to Plaintiffs Zai You Zhu and Xiao Cheng.  However, defendants have taken all 15% of tips collected by all server employees only distributed a small portion of it to Plaintiffs Zai You Zhu and Xiao Cheng and have taken  away the rest of tips.  As a result, the defendants have illegally taken away in average of $600 per week in tips from Plaintiff Xiao Cheng.

36.     Plaintiffs were not required to utilize any means of recording or verifying their hours worked (e.g. punch clock, sign-in sheet, fingerprint or ID scanner).

37.     Defendants did not compensate Plaintiffs for overtime compensation according to state and federal laws.

38.     Plaintiffs were not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours, one day each week.

39.     Defendants did not provide Plaintiffs with a wage notices at the time of their hiring.

40.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

41.     Defendants knew that the nonpayment of overtime and the "spread of hours" premium would economically injure Plaintiffs and the Class Members by their violation of federal and state laws.

42.     While employed by Defendants, Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

43.     Plaintiffs and the New York Class Members' workdays frequently lasted longer than 10 hours.

44.     Defendants did not pay Plaintiffs and other Class members' New York's "spread of hours" premium for every day in which they worked over 10 hours.

45.     Defendants failed to keep full and accurate records of Plaintiffs' hours and wages.

46.     Defendants did not provide Plaintiffs and other Class members with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiffs and other Class members' pay increase(s).

47.     Defendants committed the foregoing acts against the Plaintiffs, the FLSA Collective Plaintiff, and the Class.

<u>**COLLECTIVE ACTION ALLEGATIONS**</u>

48.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiffs or other similarly situated employees.

49.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

50.     Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiffs and other similarly situated employees.

51.     Plaintiffs bring this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at their restaurant location for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive minimum wages, spread-of-hours pay, overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

52.     Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than forty (40) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or

knowledge of their claims. Therefore, Plaintiffs submit that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

53.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

54.     This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

55.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

56.     Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants failed to pay the Collective Action Members the minimum wage in violation of the FLSA and the regulations promulgated thereunder;

c. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

d. Whether the Defendants failed to pay the Collective Action Members spread of hours payment for each day an employee worked over 10 hours;

e. Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

f. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

g. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

57. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

58. Plaintiffs and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## CLASS ACTION ALLEGATIONS

59. Plaintiffs bring their NYLL claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt persons employed by Defendants at each of their three restaurant locations doing business as Szechuan Palace on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

60.     All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under said F.R.C.P 23.

61.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

62.     Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.  All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, and overtime compensation. Defendants' corporation wide policies and practices, including but not limited to their failure to provide a wage notice at the time of hiring, affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

63.     Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiffs are represented by attorneys who are experienced

and competent in representing Plaintiffs in both class action and wage and hour employment litigation cases.

64.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. The losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, thus the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  Further, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

65.     Upon information and belief, defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.    Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

66.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

b. Whether Defendants paid Plaintiffs and Class members the New York minimum wage for all hours worked;

c. Whether Plaintiffs and Class members are entitled to overtime under the New York Labor Law;

d. Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiffs and the Rule 23 Class spread-of-hours pay as required by the NYLL;

e. Whether the Defendants provided wage notices at the time of hiring to Plaintiffs and class members as required by the NYLL;

g. At what common rate, or rates subject to common method of calculation were and are the Defendants required to pay the Class members for their work

## STATEMENT OF CLAIMS

### COUNT I
**[Violations of the Fair Labor Standards Act—Overtime Wage
Brought on behalf of the Plaintiff and the FLSA Collective]**

67.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

68.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

69.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

70.     Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pay violated the FLSA.

71.     At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

72.     The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

73. Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs' and FLSA Collectives' labor.

74. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

**COUNT II**
**[Violation of New York Labor Law—Overtime Pay**
**Brought on behalf of Plaintiff and the Rule 23 Class]**

75. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

76. Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

77. Defendants' failure to pay Plaintiffs and the Rule 23 Class their overtime pay violated the NYLL.

78. Defendants' failure to pay Plaintiffs and the Rule 23 Class was not in good faith.

**COUNT III**
**[Violation of New York Labor Law—Spread of Time Pay**
**Brought on behalf of Plaintiff and the Rule 23 Class]**

79. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

80. The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, et seq., and §§650, et seq., and New York State Department of Labor regulations §146-1.6.

81. Defendants' failure to pay Plaintiffs and Rule 23 Class spread-of-hours pay was not in good faith.

## COUNT IV
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement]

91. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

92. The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

93. Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

94. Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to each Plaintiffs even after the fact.

95. Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled

to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT V
### [Violation of New York Labor Law—New York Pay Stub Requirement]

96.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

97.     The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

98.     Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiff' payday.

99.     Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

## COUNT V
### [Violation of New York Labor Law - Gratuities Violations]

100.    Plaintiffs re-allege and incorporates by reference all preceding paragraphs as though fully set forth herein.

101.    New York Labor Law prohibits any deduction from wages, other than standard deductions for taxes, deductions required by law, and deductions for the benefit of the employee that have been expressly agreed upon in writing by the employee. N.Y.Lab.Law§193.

102.    New York Labor Law further prohibits an employer or his agent from demanding or accepting, "directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity or of any charge purported to be a gratuity for an employee." N.Y.Lab.Law§196-d.

## COUNT VI
**[Civil Damages for Deceptive Acts and Practices — Violations of New York General Business Law §349 Brought on Behalf of the Plaintiff]**

103.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

104.    NY General Business Law §349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

105.    Due to Defendants' violations of NY GBS Law §349, Plaintiff is entitled to recover from Defendants, jointly and severally, his actual damages or fifty dollars ($50), whichever is greater, or both such actions.

106.    Plaintiffs demand the right to examine, in person or by attorney, the minutes of the proceedings of shareholders and records of shareholders of Defendant Corporation to recover wages owed as employees of the corporation (See Exhibit 3)

### **Prayer For Relief**

WHEREFORE, Plaintiffs, on behalf of themselves, and the FLSA collective Plaintiffs and rule 23 class, respectfully request that this court enter a judgment providing the following relief:

a)    Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall

inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b)    Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c)    Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class counsel;

d)    Certification of this case as a collective action pursuant to FLSA;

e)    Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

f)    A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

g)    An injunction against Szechuan Palace, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

h)    An award of unpaid overtime wages due under FLSA and New York Labor Law;

i)    An award of unpaid "spread of hours" premium due under the New York Labor Law;

j)    An award of damages for Defendants' failure to provide wage notice at the time of hiring and failure to provide correct paystub, as required under the New York Labor Law.

k)    An award of liquidated and/or punitive damages as a result of Defendants' knowing

and willful failure to pay wages, minimum wages and overtime compensation pursuant to 29 U.S.C. §216;

l)      An award of liquidated and/ or punitive damages as a result of Defendants' willful deduction of Plaintiffs' tips, failure to pay overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

m)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

n)      The cost and disbursements of this action;

o)      An award of prejudgment and post-judgment fees;

p)      Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

q)      Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated:  Flushing, New York June 12, 2017      HANG & ASSOCIATES, PLLC.

*/S/ JIAN HANG* _____
Jian Hang, Esq.
136-18 39th Ave., Suite 1003
Flushing, New York 11354
Tel: 718.353.8588
jhang@hanglaw.com
*Attorneys for Plaintiffs*

# EXHIBIT 1

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by Meo Japanese Grill and Sushi Inc., Rafael Kasaev, Michael Musheyev, Hananya Aranbaiev and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

Zai You, Zhu
Full Legal Name (Print)

Signature

06/09/2017
Date

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by Meo Japanese Grill and Sushi Inc., Rafael Kasaev, Michael Musheyev, Hananya Aranbaiev and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

Xiao Cheng
Full Legal Name (Print)

Signature

6/9/2017
Date

# EXHIBIT 2

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
## FOR SERVICES RENDERED

TO:   Rafael Kasaev

      PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Zai You Zhu and Xiao Cheng and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Meo Japanese Grill and Sushi Inc. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

      Dated: June 12, 2017

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
FOR SERVICES RENDERED**

TO:    Michael Musheyev

      PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Zai You Zhu and Xiao Cheng and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Meo Japanese Grill and Sushi Inc. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.


      Dated: June 12, 2017

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY**
**FOR SERVICES RENDERED**

TO:    Hananya Aranbaiev

      PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Zai You Zhu and Xiao Cheng and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Meo Japanese Grill and Sushi Inc. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.


      Dated: June 12, 2017

# EXHIBIT 3

**DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

TO:    MEO JAPANESE GRILL AND SUSHI INC.
       185-01 Union Turnpike
       Fresh Meadows, New York, 11366

      PLEASE TAKE NOTICE, that Zai You Zhu and Xiao Cheng and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

      HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

      Dated: June 12, 2017