# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**

---

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

September 21, 2018

**VIA ECF & FACSIMILE**
Hon. Cheryl L. Pollak, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room 1230
Brooklyn, NY 11201-1804
(718) 613-2365 – four (4) pages, including this cover page

      Re:    Zhu, *et ano*. v. Meo Japanese Grill and Sushi, Inc., *et al.*
            Case No.: 1:17-cv-3521 (LDH) (CLP)
            MLLG File No.: 118-2017

Dear Judge Pollak:

     This office represents Defendants in the above-referenced matter. See Docket Entry 6. Pursuant to this Court's Order, Defendants write to address issues with the collective action notice. See Text Only Order dated September 14, 2018. The parties have agreed to conditionally certify a collective action of current and former Hibachi chefs employed by Meo Japanese Grill and Sushi, Inc. However, Plaintiffs' proposed notice to putative class members contains deficiencies which must be revised.

     **A.**    **The Notice Should Not Reference Any Claims Other Than Alleged Overtime Violations**

     Plaintiffs' proposed notice references alleged New York Labor Law ("NYLL") violations regarding – *inter alia* – statutory penalties, tips, and spread of hours. However, a collective action under 29 U.S.C. 216(b) concerns only claims under the FLSA, and not under the NYLL. "References to the NYLL and to plaintiffs' other non-FLSA claims are apt to confuse potential plaintiffs about the nature of this action." See Little v. Carlo Lizza & Sons Paving, Inc., 160 F. Supp. 3d 605, 612 (S.D.N.Y. 2016).

     District courts in the Second Circuit have ruled that it is not proper for plaintiffs to assert state labor claims using the FLSA collective action mechanism. See Lujan v. Cabana Mgmt., Inc., No. 10-CV-755 (ILG), 2011 WL 317984, at *9 (E.D.N.Y. Feb. 1, 2011) ("Although plaintiff also asserts New York Labor Law claims ... these claims may not be asserted as part of the section 216(b) collective action, but rather, under the Court's supplemental jurisdiction, would be the subject of a contemplated motion to certify a class pursuant to Rule 23 ...") (citation omitted); see also Trinidad v. Pret A Manger (USA) Ltd., 962 F. Supp. 2d 545, 564 (S.D.N.Y. 2013); Guzman v. VLM, Inc., No. 07-CV-1126 (JG) (RER), 2007 WL 2994278, at *6 (E.D.N.Y. Oct. 11, 2007).

Plaintiffs should not be permitted to use the instant motion as a vehicle to solicit potential clients with regard to NYLL claims. Accordingly, the notice should not reference any claims other than Plaintiffs' claims under the FLSA.

### B. The Time Limit to Opt-In Should Be Limited to 30 Days from the Date of the Notice

Plaintiffs' proposed notice states that individuals to whom the notice is sent have forty-five (45) days to opt-in. However, Meo has only been open since August 17, 2016 and has not had many hibachi chefs work there. Accordingly, a thirty (30) day opt-in period is sufficient.

### C. The Notice Should Explain the Consequences of Joining the Action

Courts routinely require the notice to explain that, as a result of joining the lawsuit, the putative class members may be required to pay costs if they do not prevail. See Hallissey v. America Online, Inc., 2008 U.S. Dist LEXIS 18387 at *12 (S.D.N.Y. 2008); see also Guzman v. VLM, Inc., 2007 U.S. Dist. LEXIS 75817 at *23 (E.D.N.Y. Oct. 11, 2007). Defendants respectfully request that the notice contain the following language:

> By participating as a collective action member, you are subject to discovery and you may have to produce your tax records and other private documents, submit to a deposition, and/or be subpoenaed to testify as a witness at the trial of this matter. You may be responsible for attorneys' fees and costs in the event your claim is denied. Finally, as noted, Defendants anticipate seeking to decertify the collective action at the end of this case. Should Defendants prevail on their motion, then the collective action will be eliminated, the lawsuit will be limited to the named plaintiffs and you will no longer be part of this lawsuit. If you do not wish to participate in this lawsuit, you need not do anything. If you decide not to participate in this lawsuit, you may not be eligible to receive any benefits in the event that a settlement or judgment is obtained. You would be free to file and pursue your claims, if any, against any of the Defendants independently. Anyone who joins the action may be responsible for attorney's fees, depending on their arrangement with counsel, and will be responsible for costs to the Defendants if their claim is denied or otherwise dismissed.

### D. Contact Information for Defendants' Counsel Should Be Stated on the Notice

Courts routinely permit the notice to contain the name, address, and telephone number of Defendants' counsel. See Moore v. Eagle Sanitation, Inc., 2011 U.S. Dist. LEXIS 77126 at *19 (E.D.N.Y. July 18, 2011); Gjurovich v. Emmanuel's Marketplace, 282 F. Supp. 2d 101, 108 (S.D.N.Y. September 19, 2003); Cano v. Four M Food Corp., 2009 U.S. Dist. LEXIS 7780 (E.D.N.Y. Feb. 3, 2009). Therefore, Defendants respectfully request that the notice contain their counsel's name, address, and telephone number.

### E. Defendants must be able to explain that they believe that a collective action is not warranted

A collective action gives the impression to class members that there was a widespread failure to pay correct overtime. The recipients should be made aware that it has not been established that any employee who worked for Defendants were paid incorrectly. See Enriquez v. Cherry Hill Mkt. Corp., 2012 U.S. Dist. LEXIS 17036 at *9 (E.D.N.Y. Feb. 10, 2012). Accordingly, Defendants propose the inclusion of the following language:

> Defendants dispute Plaintiffs' contentions that they were not properly paid and do not believe that a collective action is proper in this lawsuit and anticipate moving to decertify the collective action at the close of discovery in this matter, as they have the right to do. Defendants do not believe that Plaintiffs have demonstrated the necessary elements required to establish a collective action.

### F. Reference to the Anti-Retaliation Provision of the Fair Labor Standards Act must be excluded

Plaintiffs propose the inclusion of the anti-retaliation language of the FLSA. However, the notice must not be a vehicle for communicating proscribed conduct for the purpose of prompting recipients to attempt to expand the underlying lawsuit. In this case, there is no evidence of retaliation, and therefore, there is no need for the inclusion of anti-retaliation language. In fact, both Plaintiffs voluntarily quit their employment at Meo.

### G. The Provision Regarding Retention of Another Attorney Must Be Revised

Plaintiffs' proposed notice contains the statement that "You can represent yourself or retain your own attorney. If you want your ow attorney to represent you in this lawsuit, however, you will be responsible for paying that attorneys' fees and expenses." This should be deleted. Most attorneys do not require individuals in FLSA litigation to pay out of pocket for representation and, upon information and belief, the statement is being made to attempt to convince recipients to retain Plaintiffs' counsel rather than a different attorney. Instead, the following should be added: "You can, alternatively, join this lawsuit by counsel of your own choosing or commence a lawsuit in the future on your own." Without this additional language, a layperson would reasonably believe he or she loses the right to bring a lawsuit in the future if he or she does not join this lawsuit either by being represented by Plaintiffs' counsel or by another attorney.

### H. Notice Should Be Returnable to the Clerk of the Court

Plaintiffs' proposed notice says that to join the lawsuit, the recipient must sign a "Consent to Sue" form and send it to the office of Plaintiffs' counsel. However, "[t]he common practice in the Eastern District is to have opt-in plaintiffs send their consent forms to the Clerk of the Court rather than to plaintiffs' counsel." See Sharma v. Burberry Ltd., 52 F. Supp. 3d 443, 462 (E.D.N.Y. 2014) (collecting cases).

Accordingly, the notice should be made returnable to the Clerk of the Court.

Defendants thank this Court for its time and attention to this matter.[1]

Dated: Lake Success, New York
September 21, 2018

                                              Respectfully submitted,

                                              **MILMAN LABUDA LAW GROUP PLLC**

                                              _____/s_____
                                              Emanuel Kataev, Esq.
                                              3000 Marcus Avenue, Suite 3W8
                                              Lake Success, NY 11042-1073
                                              (516) 328-8899 (office)
                                              (516) 303-1395 (direct dial)
                                              (516) 328-0082 (facsimile)
                                              emanuel@mllaborlaw.com

                                              *Attorneys for Defendants*

cc: Plaintiffs (via ECF).

---

[1] Defendants expect that Plaintiffs will file a clean copy of their proposed collective action notice in opposition to Defendants' instant letter motion. Defendants will submit their revisions to this document in tracked changes in their reply letter in further support of this motion.