# HANG & ASSOCIATES, PLLC

ATTORNEYS AT LAW

136-20 38th Avenue, Suite 10G

Flushing, New York 11354

September 27, 2018

Keli Liu, ESQ.

Tel: (718) 353-8588

Fax: (718) 353-6288

Email: kliu@hanglaw.com

**VIA ECF**

Hon. Cheryl L. Pollak

United States District Court

Eastern District of New York

225 Cadman Plaza East

Brooklyn, New York 11201

> Re:    Zhu v. Meo Japanese Grill and Sushi Inc et al.
>
>        17-CV-3521(LDH)(CLP)

Dear Hon. Cheryl L. Pollak:

Our firm is counsel for the Plaintiffs in the abovementioned matter. We write in response to Defendants' letter to the court dated September 21, 2018, regarding Plaintiff's proposed notice of pendency to putative collective members in this action.

The Supreme Court specifically left the "content details of a proposed notice under § 216(b) . . . to the broad discretion of that court." *Lee v. ABC Carpet & Homes,* No. 00 Civ. 0984, 2008 U.S. Dist. LEXIS 38725, at *3-4 (May 9, 2008); *see also Gjurovich,* 282 F. Supp. 2d at 106. "When exercising its broad discretion to craft appropriate notices in individual cases, District Courts consider the overarching policies of the collective suit provisions" and ensure that putative plaintiffs receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Fasanelli v. Heartland Brewery, Inc.,* 516 F.Supp.2d 317, 323 (S.D.N.Y).The proposed notice achieves the goal of providing potential opt-ins with accurate and timely notice concerning the pendency of the collective action and should therefore be adopted.

## A. The Notice Should Reference NYLL Claims Because That Language is Relevant to Potential Opt-In Plaintiffs With Timely Federal Claims

Defendants' object to any reference to plaintiffs' state law claims stating that 29 U.S.C. 216(b) concerns only claims under the FLSA, and not under the NYLL. While it is true that plaintiffs' state law claims cannot be addressed via this collective action, "there is not a per se rule against inclusion of such claims" in a FLSA collective action notice. *Hernandez v Immortal Rise, Inc.,* 2012 US Dist LEXIS 136556 (EDNY Sep. 24, 2012) *Citing to Guzman v VLM, Inc.,* 2007 US Dist LEXIS 75817 (EDNY Oct. 11, 2007) Instead, courts allow reference to state claims "because that

language may be relevant to potential plaintiffs with timely federal claims in deciding whether or not to opt in to the collective action." *Lujan v Cabana Mgt.*, 2011 US Dist LEXIS 9542 at *34 n.15 (EDNY Feb. 1, 2011)

Plaintiffs should be permitted to refer to the NYLL claims as in the instant motion to allow potential opt-in Plaintiffs a full understanding of the claims they may have.

B. **The Time Limit to Opt-In Should Be Not Be Shorter than the Traditional 60 Day Notice Period**

Defendants' proposal of 30 days aims to shorten the traditional 60 day notice period. *see Sharma v. Burberry Ltd.*, 52 F. Supp. 3d 443, 465 (E.D.N.Y. 2014) ("Courts in this Circuit routinely restrict the opt-in period to 60 days.") *see Fa Ting Wang v. Empire State Auto Corp.*, 2015 U.S. Dist. LEXIS 99089, 2015 WL 4603117, at *11-12 (E.D.N.Y. June 29, 2015) (recommending an opt-in period lasting the "standard sixty days"); *Hernandez v. Immortal Rise, Inc.*, 2012 U.S. Dist. LEXIS 136556, 2012 WL 4369746, at *7 (E.D.N.Y. Sept. 24, 2012) (noting that a 60-day period is "common practice under the FLSA") As such, Plaintiff respectfully recommends the traditional 60-day opt-in period.

## C. The Notice Should Not Be Drafted In a Way That Intimidates, Confuses or Purposely Discourages Opt-In Plaintiffs

Defendants argue that the notice should contain a statement notifying potential opt-in plaintiffs of what their discovery obligations will be if they decide to join the lawsuit and what may occur as they litigate the case. However, opt-in plaintiffs can always decide to opt-out of the case at a later date if they find discovery too burdensome. There is no legitimate purpose in including in the notice unnecessary dissuasive warnings, and furthermore Defendants show their intention with an unduly burdensome and technical suggested warning. Courts have found that language in the notice of pendency that would notify potential plaintiffs about their obligations to participate in discovery and testify at trial "may unduly discourage potential plaintiffs from opting in." *Enriquez v. Cherry Hill Mkt. Corp.*, 2012 U.S. Dist. LEXIS 17036, 2012 WL 440691, at *3 (E.D.N.Y. Feb. 10, 2012) Courts have also rejected the argument that notice of pendency should include statements that opt-in plaintiffs may need to respond to interrogatories, produce documents and information, appear at a deposition, and otherwise participate in discovery, and instead permit the very narrow language stating that "[a] small percentage of you may be subject to having to respond to discovery requests of the Defendants and possibly be required to provide testimony" *Viriri v. White Plains Hosp. Med. Ctr.*, 2017 U.S. Dist. LEXIS 88226, 2017 WL 2473252, at *9-10 (S.D.N.Y. June 8, 2017) In other cases a narrow statement that opt-in Plaintiff "may or may not be required to participate in discovery" and that opt-in plaintiffs will be bound by settlements was included. *Hernandez v. Immortal Rise, Inc.*, 2012 U.S. Dist. LEXIS 136556, 2012 WL 4369746, at *8 (E.D.N.Y. Sept. 24, 2012); *Lora v To-Rise, LLC*, 2017 US Dist LEXIS 112644 (EDNY July 18, 2017)

## D. Contact Information for Defendants' Counsel Should Be Not Stated on the Notice

Defendant's request that their contact information be stated in the notice however is not required to render an FLSA notice fair, and is likely to create confusion rendering distribution or collection of consent to join forms less effective. *Arciello v County of Nassau*, 2017 US Dist LEXIS 179182 (EDNY Oct. 30, 2017) *See also Chhab v. Darden Restaurants, Inc.*, 11 CIV. 8345, 2013 U.S. Dist. LEXIS 135926, 2013 WL 5308004, at *16 (S.D.N.Y. Sept. 20, 2013) ("Only plaintiffs' counsel can

potentially represent the individuals to whom the notice is mailed, and only they should be privy to certain sensitive information that may otherwise fall within the attorney-client privilege.")

### E. Defendants May Express That They Differ On the Facts of the Case without Drafting in a Way That Intimidates, Confuses or Purposely Discourages Opt-In Plaintiffs

Defendants state that the recipients should be made aware that it has not been established that any employee who worked for Defendants were paid incorrectly. Plaintiffs do not deny Defendants right to assert their difference of opinion in the notice, however overstated technical language regarding decertification stands to confuse and deter opt-in Plaintiffs. Plaintiffs propose the following statement from the case of *Viriri v White Plains Hosp. Med. Ctr.*, 320 FRD 344 (SDNY 2017):

> "Defendant denies all claims against it and maintains that it has complied with the FLSA. Defendant denies that you are entitled to any of the damages, back pay, court costs, or attorney's fees sought. The Court has not yet made any determination as to the merits of the claims or your right to recover any sum of money from Defendant."

### F. Reference to the Anti-Retaliation Provision of the Fair Labor Standards Act must be included

Defendants assert that because there are no allegations of retaliation in the present case the anti-retaliation language contained in the notice is inappropriate. However, Defendants offer no support for this position. Courts regularly include anti-retaliation provisions in these notices even where plaintiffs raise no specific allegations of retaliation . See *Rosario v. Valentine Ave. Disc. Store, Co.*, 828 F. Supp. 2d 508, 515 (E.D.N.Y. 2011) *See Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 373 (S.D.N.Y. 2007) Therefore Plaintiffs respectfully request that the notice contain the anti-retaliation language in the proposed notice.

### G. the Provision Regarding Retention of another Attorney May Be Revised but Only in a Way that Will not Cause Confusion and Harm to Potential Plaintiffs

Defendants' counter-proposed language recommends the removal of mention of the payment of fees and costs associated with an alternative counsel arrangement. As such, Plaintiffs would agree to language stating "You can alternatively represent yourself or retain your own attorney in this case."

Defendant's recommended language stating that potential plaintiffs may start a new action, would confuse laypeople into believing that a newly filed lawsuit would be a prudent option when in fact statute of limitation's issues would diminish potential damages in a newly filed lawsuit.

### H. Notice Should Be Returnable to Plaintiff's Attorneys in the Interest of Preserving Important Court and Attorney Resources and In Allowing for the Proper Representation of Opt-In Plaintiffs

While Plaintiffs understand that it is the Court's general position that consent forms be sent to the Clerk of the Court, Plaintiffs respectfully request that consent forms be sent to Plaintiffs' counsel directly. Most if not all of the potential opt-in Plaintiffs in this matter are Non-English speakers, who would naturally have potential apprehensions and fears communicating directly with the court. Requiring opt-in claimants to file their forms with the Clerk therefore may severely

discourage participation and will lead to a prohibition on Plaintiffs' counsel from conducting their investigation of potential clients and contacting possible clients directly in a language they would feel comfortable with. Based on Plaintiffs' counsel's experience, this ultimately causes delay, the expending of valuable court and attorney resources, and hinders Plaintiffs' counsel from effectively representing the opt-in claimants. Moreover, potential claimants frequently require immediate guidance and any potential delay caused by the Clerk's Office (which in counsel's experience can be delayed for as long as a month) chills claimants who otherwise expect to be immediately contacted. Because workers are frequently itinerant, such delays sometimes cause claimants to be unreachable.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

*/s/ Keli Liu*
Keli Liu, Esq.
Attorney for Plaintiffs

CC: All Counsel of Record (via ECF)