UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ZAI YOU ZHU and XIAO CHENG,
individually and on behalf of all others
similarly situated,

                        Plaintiffs,                       **MEMORANDUM AND ORDER**
                      -against-                          17 CV 3521 (LDH) (CLP)

PMEO JAPANESE GRILL AND SUSHI,
INC., et al.,

                        Defendants.
----------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:

      On June 12, 2017, plaintiffs Zai You Zhu and Xiao Cheng commenced this action against defendants Meo Japanese Grill and Sushi Inc., d/b/a Meo Japanese Hibachi, Rafael Kasaev, Michael Musheyev, and Hananya Aranbaiev (collectively, "defendants"), alleging a failure to pay overtime pay in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and the New York Labor Law ("NYLL"). On September 21, 2018, defendants informed the Court that the parties had agreed to conditionally certify an FLSA collective of hibachi chefs employed by defendants but raised several concerns regarding the plaintiffs' proposed collective action Notice.

      1) <u>NYLL Claims</u>

      Defendants contend that the Notice should not reference any violations of the NYLL, including statutory penalties, tips, and spread of hour claims, but should only list the claims

made under the FLSA. (Defs.' 9/21/18 Ltr. at 1-2).[1] Plaintiffs assert that they should be permitted to refer to the NYLL claims so that potential opt-in plaintiffs have a full understanding of the claims they may have and are better able to decide whether to opt in or not. (Pls.' 9/27/18 Ltr. at 1-2).[2]

The collective action only addresses claims under the FLSA, and while a motion for Rule 23 class certification must be made to deal with the NYLL claims, the Court nevertheless finds that including the NYLL claims in the collective action Notice is appropriate. See Hernandez v. Immortal Rise, Inc., No. 11 CV 4360, 2012 U.S. Dist. LEXIS 136556, at *25-26 (E.D.N.Y. Sept. 24, 2012) (stating that "there is not a per se rule against inclusion of such claims in an FLSA collective action notice"); Lujan v. Cabana Mgmt., Inc., No. 10 CV 755, 2011 WL 317984, at *11 (E.D.N.Y. Feb. 1, 2011) (stating that courts allow reference to state law claims "[b]ecause that language may be relevant to potential plaintiffs with timely federal claims in deciding whether or not to opt in to the collective action"); see also Guzman v. VLM, Inc., No. 07 CV 1126, 2007 WL 2994278, at *7 (E.D.N.Y. Oct. 11, 2007) (finding reference to state law proceedings in the notice "appropriate"). The Court therefore denies defendants' request to remove the NYLL claims from the Notice.

---

[1] Citations to "Defs.' 9/21/18 Ltr." refer to defendants' letter dated September 21, 2018, ECF No. 23.
[2] Citations to "Pls.' 9/27/18 Ltr." refer to plaintiffs' letter dated September 27, 2018, ECF No. 24.

2) <u>Opt-In Period</u>

Defendants next contend that the Notice should only give individuals 30 days to opt in, rather than the 45 days proposed by plaintiffs in the Notice. (Defs.' 9/21/18 Ltr. at 2). Defendants argue that since the restaurant has only been open since August 2016 and not many hibachi chefs work there, 30 days should be sufficient. (<u>Id.</u>) In response, plaintiffs argue that there is no reason to shorten the traditional 60-day notice period, which is "common practice" in this district. (Pls.' 9/27/18 Ltr. at 2). The Court agrees and Orders that the Notice be amended to provide for a 60-day opt-in period.

3) <u>Consequences of Joining the Action</u>

Defendants argue that the Notice should indicate that putative collective members may be required to "produce . . . tax records and other private documents," may be "subpoenaed to testify," and may be required to pay costs if they join the lawsuit and do not prevail. (Defs.' 9/21/18 Ltr. at 2). Defendants seek to add language as follows: "You may be responsible for attorneys' fees and costs in the event your claim is denied . . . Anyone who joins the action may be responsible for attorney's fees, depending on their arrangement with counsel, and will be responsible for costs to Defendants if their claim is denied or otherwise dismissed." (<u>Id.</u>)

Plaintiffs object to the addition of this language, noting that plaintiffs can always opt out of the case at a later date, and that there is no reason for these "unnecessary, dissuasive warnings." (Pls.' 9/27/18 Ltr. at 2). <u>See</u> <u>Enriquez v. Cherry Hill Mkt. Corp.</u>, No. 10 CV 5616, 2012 WL 440691, at *3 (E.D.N.Y. Feb. 10, 2012) (rejecting language that notifies plaintiffs of

their obligations to participate in discovery because it may "unduly discourage potential plaintiffs from opting in").

Courts in this district have allowed "neutral and non-technical" references to discovery obligations in collective action notices but have required modification of non-neutral references. See Velasquez v. Digital Page, Inc., No. 11 CV 3892, 2014 WL 2048425, *at 12 (E.D.N.Y. May 19, 2014) (requiring modification of notice language to "neutral" references); see also Lujan v. Cabana Mgmt., Inc., 2011 WL 317984, at *11. Courts have directed parties to modify less neutral notice language concerning discovery obligations to include the specific following language: "If you join this lawsuit, you may be asked to give testimony and information about your work for [the defendant], to help the Court decide whether you are owed any money." Id. (collecting cases). The Court therefore Orders the parties to replace the Notice language concerning potential discovery obligations with the following language: "If you join this lawsuit, you may be asked to give testimony and information about your work for Meo Japanese Grill and Sushi Inc. d/b/a/ Meo Japanese Hibachi to help the Court decide whether you are owed any money."

As to the language concerning litigation costs, "decisions in this district have generally disapproved the inclusion of language about costs." Velasquez v. Digital Page, Inc., 2014 WL 2048425, *at 12 (citing Guzman v. VLM, Inc., 2007 WL 2994278, at *8 for the proposition that language about litigation costs may present "an *in terrorem* effect that is disproportionate to the actual likelihood that the costs or counterclaim damages will occur"); see also Hernandez v.

Immortal Rise, Inc., No. 11 CV 4360, 2012 WL 4369746, at *7 (E.D.N.Y. Sept. 24, 2012).

Therefore, the parties are to remove any reference to potential fees and costs from the Notice.

4) Defendants' Contact Information

Defendants seek to have their contact information included in the Notice. (Defs.' 9/21/18 Ltr. at 2). Plaintiffs object and argue that inclusion of the contact information is likely to create confusion, "rendering distribution or collection of consent forms less effective." (Pls.' 9/27/18 Ltr. at 2).

Courts in this circuit have endorsed the inclusion of defendants' contact information on collective action notices. See Slamma v. API Restaurant Corp., No. 12 CV 757, 2013 WL 3340290, at *5 (S.D.N.Y. July 2, 2013); Whitehorn v. Wolfgang's Steakhouse, Inc., 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011) (finding that defendant's request "to include defense counsel's contact information" was reasonable if included in a separate heading entitled "attorneys for defendants"); Cano v. Four M Food Corp., No. 08 CV 3005, 2009 WL 5710143, at *11 (Feb. 3, 2009). The Court therefore directs the parties to include defendants' counsel's contact information on the Notice in a section entitled "Attorneys for Defendants."

5) Defendants' View of the Lawsuit

Defendants seek to include language in the Notice expressing their view of the lawsuit. (Defs.' 9/21/18 Ltr. at 2). The specific language that they seek to add reads as follows:

> Defendants dispute Plaintiffs' contentions that they were not properly paid and do not believe that a collective action is proper in this lawsuit and anticipate moving to decertify the collective action at the close of discovery in this matter,

>as they have the right to do. Defendants do not believe that
>Plaintiffs have demonstrated the necessary elements required
>to establish a collective action.

Plaintiffs do not dispute that defendants have the right to assert their difference of opinion in the Notice, but argue that "overstated technical language regarding decertification stands to confuse and deter opt-in Plaintiffs." (Pls.' 9/27/18 Ltr. at 3). Instead, plaintiffs propose language taken from Viriri v. White Plains Hospital Medical Ctr., 320 F.R.D. 344, 356 (S.D.N.Y. 2017), as follows:

>Defendant denies all claims against it and maintains that
>it has complied with the FLSA. Defendant denies that you
>are entitled to any of the damages, back pay, court costs, or
>attorney's fees sought. The Court has not yet made any
>determination as to the merits of the claims or your right to
>recover any sum of money from Defendant.

Defendants complain that this language does not address their concern which is to explain their intent to move for decertification of the collective "upon the close of discovery." (Defs' Reply at 2).[3] Defendants contend that this information is "an important fact" that will permit the opt-ins to make an informed decision because decertification would result in the opt-ins' removal from the lawsuit. (Id.)

The problem with defendants' proposed language is that it is hyper-technical, legal language discussing a concept – decertif[ication] of a collective action—that most hibachi chefs are likely unfamiliar with. More importantly, while defendants are correct that they have the right to move for decertification at the conclusion of "discovery" – another term that this Court

---

[3] Citations to "Defs.' Reply" refer to defendants' Reply dated October 12, 2018, ECF No. 26.

spends much time explaining to the average non-lawyer – the rationale expressed by defendants in their letter is not found in their proposed language. Although they argue that the opt-ins need to understand that decertification is possible, nowhere in the defendants' proposed language do they explain what the consequences of decertification might be. To fully explain that in the Notice would require more than one or two sentences.

Accordingly, the Court finds that the proposed language is not intended to explain anything to the prospective plaintiffs in any meaningful way and will, if included, serve only to confuse them and possibly discourage them from opting in to something that they cannot understand. Moreover, since defendants object to plaintiffs' proposed language on the grounds that "[t]here already exists language in the collective action notice concerning Defendants' denial of wrongdoing," (id.) the Court finds that there is no need to add plaintiffs' proposed language to the Notice either.

6) Anti-Retaliation Language

Defendants object to plaintiffs' proposal to add anti-retaliation language to the Notice. (Defs.' 9/21/18 Ltr. at 3). Defendants contend that there is no evidence of retaliation in this case and therefore no need to include it. (Id.) Plaintiffs argue that courts regularly include such language even where no allegations of retaliation have been made. (Pls.' 9/27/18 Ltr. at 3) (citing cases). The Court directs that the language concerning anti-retaliation should be included in the Notice.

7) <u>Plaintiffs' Right to Retain Their Own Attorney</u>

Defendants propose a revision to the language in the Notice that relates to a prospective opt-in's right to retain their own attorney. (Defs.' 9/21/18 Ltr. at 3). Plaintiffs propose instead the addition of language stating that: "You can alternatively represent yourself or retain your own attorney in this case." (Pls.' 9/27/18 Ltr. at 3). In their Reply, defendants indicate that they are amenable to the addition of plaintiffs' proposed language. (Defs.' Reply at 3). The Court therefore directs the parties to included the plaintiffs' proposed language in the Notice.

8) <u>Consent Forms</u>

Finally, the parties debate whether the Consent Forms should be sent to the Clerk of Court or to plaintiffs' counsel. Plaintiffs' counsel acknowledges that normally the Court prefers to have the Notices sent to the Clerk, but argues that in this case, because the potential opt-ins are mostly non-English speakers, they may be reluctant to communicate with the Court and sending the forms to the Court may discourage participation. (Pls.' 9/27/18 Ltr. at 3-4). Plaintiffs' counsel contends that delay and the expenditure of court and attorney resources may result if they are not able to communicate directly with the opt-ins who have questions. (<u>Id.</u>)

Defendants dispute the claim that most of the hibachi chefs are non-English speakers and argue that because the purported reason for the Consent Forms being filed with the plaintiffs' counsel is not accurate, the overwhelming weight of authority points to the defendants' position that the Consents should be filed with the Clerk of Court. (Defs.' Reply at 3).

Courts in this district have found that sending consent forms to plaintiffs' counsel implicitly discourages opt-in plaintiffs from retaining their own counsel. See, e.g., Fa Ting Wang v. Empire State Auto Corp., 2015 WL 4603117, at *19; Velasquez v. Digital Page, Inc., No. 11 CV 3892, 2014 WL 2048425, at *14 (E.D.N.Y. May 19, 2014). However, if there is only a de minimis possibility of discouragement for opt-in plaintiffs selecting their own counsel, some courts have held that consent forms may be sent to plaintiffs' counsel. See Dilonez v. Fox Linen Serv. Inc., 35 F. Supp. 3d at 257 (holding that "the Notice plainly provides that '[y]ou have the right to retain your own counsel.' . . . Given this plain language, the chance of a reasonable reader being unfairly discouraged from seeking other counsel is de minimis at best") (internal citations omitted). A de minimis risk may be inferred by explicit language such as "you may retain your own counsel" in the proposed notice. Id.; see also Ritz v. Mike Rory Corp., 2013 WL 1799974, at *4 (approving a notice form that instructed opt-in plaintiffs to return consent forms to plaintiff's counsel with language advising the opt-in plaintiffs that they "can select any counsel of their choosing").

While the Court acknowledges that directing plaintiffs who are opting in to this collective action to return Consent Forms to plaintiffs' counsel may implicitly discourage those plaintiffs from seeking other counsel, the Court finds that the proposed Notice's statement that the opt-in plaintiffs have the right to retain separate counsel reduces this risk.

Accordingly, defendants' request that the Notice be altered to provide that opt-in plaintiffs return their Consent Forms directly to the Clerk of Court is denied.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
December 11, 2018

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York