# **SETTLEMENT AGREEMENT AND RELEASE**

This is a Settlement Agreement and Release ("Agreement") between Meo Japanese Grill and Sushi, Inc. (hereinafter "Meo" or the "Corporate Defendant"), Rafael Kasaev (hereinafter "Kasaev"), Michael Musheyev (hereinafter "Musheyev"), and Hananya Aranbaiev (hereinafter "Aranbaiev") (Kasaev, Musheyev, and Aranbaiev hereinafter the "Individual Defendants"), and the Corporate Defendant's parents, subsidiaries, affiliates, successors, assigns, divisions, past and present officers, owners, shareholders, directors, principals, employees, former employees, representatives, service providers, counsel, and/or agents (whether in their personal or official capacity), and each of their respective successors and assigns, on the one hand (collectively, the "Defendants"), and Zai You Zhu (hereinafter "Zhu") and Xiao Cheng (hereinafter "Cheng") (Zhu and Cheng collectively hereinafter "Plaintiffs"), on the other hand. The Defendants and Plaintiffs may each be referred to as a "Party," or together, be referred to herein as the "Parties." This Agreement is effective as of the date on which it is executed by all Parties (the "Effective Date").

**WHEREAS,** Plaintiffs have commenced an action against Defendants in the United States District Court for the Eastern District of New York (hereinafter the "Court") styled as <u>Zhu, et ano. v. Meo Japanese Grill and Sushi, Inc., et al.</u>, Case No.: 1:17-cv-3521 (LDH) (CLP), alleging wage and hour violations under the Fair Labor Standards Act (hereinafter "FLSA"), the New York Labor Law (hereinafter "NYLL"), and the New York General Business Law (hereinafter "GBL");

**WHEREAS,** Defendants deny that they failed to properly pay Plaintiffs and that they violated the law in any way whatsoever; and

**WHEREAS,** the Plaintiffs desire to fully and finally resolve all differences between them on the terms and conditions hereinafter set forth;

**NOW THEREFORE,** in consideration of the mutual promises of the Parties, the receipt and sufficiency of which the Parties hereby acknowledge, having been represented by counsel and the Parties intending to be bound, do hereby agree as follows:

1. **Non-Admission.** This Agreement is entered into mutually in order to avoid the costs, uncertainty, and vexation of litigation. The terms set out in this Agreement are a compromise settlement of disputed claims, the validity, existence or occurrence of which is expressly disputed by the Parties. This Agreement shall not be admissible evidence in any judicial, administrative, or other legal proceedings for any reason except to enforce the terms of this Agreement.

2. **Consideration.**

   a. In consideration for both Plaintiffs' execution, compliance with, and non-revocation of this Agreement, the Defendants agree to pay Plaintiffs the amount of Forty Two Thousand Dollars and 00/100 Cents ($42,000.00) ("Settlement Payment"), of which a total of Fourteen Thousand, Seven Hundred and One Dollars and 32/100 Cents ($14,701.32) will be apportioned to attorneys' fees and costs ("Fee Payment"), Sixteen Thousand Two Hundred Eighty Six Dollars and 85/100 Cents ($16,286.85) will be apportioned to Cheng ("Cheng Payment"), and Eleven Thousand and Eleven Dollars and 83/100 Cents ($11,011.83) will be apportioned to Zhu ("Zhu Payment") (the Cheng Payment and Zhu Payment collectively hereinafter referred to as the "Plaintiffs' Recovery").

   b. The Settlement Payment shall be made in six (6) equal installments of $7,000.00 per month until paid in full, with three (3) checks each month as follows:

      (i) the first check will be the Cheng Payment and it will be payable to Xiao Cheng in the amount of $2,714.47;

      (ii) the second check will be the Zhu Payment and it will be payable to Zai You Zhu in the amount of $1,835.31;

      (iii) the third check will be the Fee Payment and it will be payable to Hang & Associates, PLLC (hereinafter "Plaintiffs' counsel") in the amount of $2,450.22.

    c.    The payments referenced in ¶ 2(b), *supra*, will be paid on the following schedule:

      (i)    The first payment will be made within five (5) business days of the receipt of an Order from the Court approving the instant agreement as fair and reasonable; and

      (ii)    The remaining payments will be made thirty (30) days after the prior payment, month to month, until the Settlement Payment is paid in full.

    d.    All checks will be delivered to Plaintiffs' counsel at Hang & Associates, PLLC, 13620 38th Avenue, Suite 10G, Flushing, NY 11354.

    e.    Plaintiffs' counsel, Cheng, and Zhu must each submit an executed IRS Form W-9 with a Taxpayer Identification Number in order to receive the Settlement Payment, a copy of which may be submitted electronically together with Plaintiffs' executed counterpart of this Agreement.

    f.    Plaintiffs each agree and affirm that the Settlement Payment shall constitute the entire amount of monetary consideration, inclusive of attorneys' fees and costs, provided to each of them under this Agreement and that Plaintiffs will not seek any further compensation for any other claimed unpaid wages, wage supplements, injuries, damages, costs, or disbursements, in connection with any of the matters encompassed in this Agreement or any aspect of Plaintiffs' respective relationship with the Defendants.

    g.    Upon receipt of the Settlement Payment, Plaintiffs each agree, affirm, and acknowledge that they each will be paid all wages and wage supplements and all other amounts owed to him, inclusive of attorneys' fees and costs, for any reason by the Defendants.

    h.    Plaintiffs' counsel will be issued a Form 1099. Plaintiffs further agree that they each shall be responsible for payment of all personal taxes that may be due as a result of the Settlement Payment. Plaintiffs each understand and agree that no representation is made by or on behalf of the Defendants regarding tax obligations or consequences that may arise from this Agreement. Further, Plaintiffs each agree to indemnify and hold harmless the Defendants from and against all liens, liabilities, interest, and penalties that may be assessed against or incurred by them as a result of not deducting taxes or other withholdings or satisfying any liens or judgments against either Plaintiff on the Settlement Payment.

    **3.**    <u>**Claims Released by Plaintiffs.**</u>

    a.    In exchange for the Settlement Payment and for other good and valuable consideration, receipt of which is hereby acknowledged, Plaintiffs, on behalf of themselves and their family members, heirs, executors, representatives, trustees, agents, insurers, administrators, legal representatives, successors and assigns (collectively, the "Releasors"), irrevocably and unconditionally fully and forever waive, release, and discharge the Defendants, the Defendants' parents, subsidiaries, affiliates, divisions,

and/or related companies, and each of their respective directors, officers, shareholders, partners, employees, managers, members, agents, attorneys, and successors of the Defendants ("Releasees") from any and all claims, demands, actions, causes of actions, obligations, judgments, rights, fees, damages, debts, obligations, liabilities, and expenses (inclusive of attorneys' fees and costs) of any kind whatsoever, whether known or unknown, from the beginning of time to the date of each Plaintiff's execution of this Agreement, including, without limitation, any claims under any federal, state, local, or foreign law, that Releasors may have, or have ever had against Releasees, including but not limited to those arising out of, or in any way related to each Plaintiff's hire, benefits, employment, termination or separation from employment with the Defendants and any actual or alleged act, omission, transaction, practice, conduct, occurrence or other matter, whether or not any Plaintiff has previously filed such a claim.

   b. Plaintiffs further each agree and acknowledge that Releasors are giving up any rights or claims which Releasors may have against Releasees under numerous laws and regulations, including but not limited to, those regulating employment, whether on the federal, state, or local level, including, but not limited to:

   (i) any and all claims under Title VII of the Civil Rights Act, as amended, the Americans with Disabilities Act, as amended, the Family and Medical Leave Act, as amended, the Fair Labor Standards Act (to the extent permitted by law), the Equal Pay Act, as amended, the Employee Retirement Income Security Act, as amended (with respect to unvested benefits), the Civil Rights Act of 1991, as amended, Section 1981 of U.S.C. Title 42, the Sarbanes-Oxley Act of 2002, as amended, the Worker Adjustment and Retraining Notification Act, as amended, the National Labor Relations Act, as amended, the Age Discrimination in Employment Act, as amended, the Uniform Services Employment and Reemployment Rights Act, as amended, the Genetic Information Nondiscrimination Act of 2008, the Vietnam Era Veterans' Readjustment Assistance Act of 1974, the Occupational Safety and Health Act, the Immigration Reform and Control Act of 1986, the New York State Human Rights Law, the New York Labor Law (including but not limited to the Retaliatory Action by Employers Law, the New York State Worker Adjustment and Retraining Notification Act, all provisions prohibiting discrimination and retaliation, and all provisions regulating wage and hour law), the New York Civil Rights Law, Section 125 of the New York Workers' Compensation Law, the New York City Human Rights Law, any and all claims pursuant to any other state law and all of their respective implementing regulations and/or any other federal, state, local or foreign law (statutory, regulatory or otherwise) that may be legally waived and released;

   (ii) any and all claims for compensation of any type whatsoever, including but not limited to claims for salary, wages, bonuses, commissions, incentive compensation, vacation and/or severance;

   (iii) any and all claims arising under tort, contract and/or quasi-contract law, including but not limited to claims of breach of an expressed or implied contract, tortious interference with contract or prospective business advantage, breach of the covenant of good faith and fair dealing, promissory estoppel, detrimental reliance, invasion of privacy, nonphysical injury, personal injury or sickness or any other harm, wrongful or retaliatory discharge, fraud, defamation, slander, libel, false imprisonment, negligent or intentional infliction of emotional distress; and

   (iv) any and all claims for monetary or equitable relief (inclusive of attorneys' fees and costs), including but not limited to attorneys' fees, costs, back pay, front pay, reinstatement, and medical fees from the beginning of time to the Effective Date.

        c.      This release and waiver of claims shall not be construed to impair Plaintiffs' respective rights to enforce the terms of this Agreement and does not include any claim which, as a matter of law, cannot be released by private agreement. Nor does this release prohibit or bar any Plaintiff from providing truthful testimony in any legal proceeding or from cooperating with, or making truthful disclosures to, any local, state, or federal governmental agency, or filing a timely charge or complaint with the EEOC, or participating in any investigation or proceeding conducted by the EEOC regarding any claim of employment discrimination. Notwithstanding the foregoing, with respect to any claim that cannot be released by private agreement, Plaintiffs each agree to release and waive and hereby does release and waive his right (if any) to any monetary damages or other recovery as to such claims, including any claims brought on Plaintiffs' behalf, either individually or as part of a collective action, by any governmental agency or other third party.

        4.      **Plaintiffs' Representations and Warranties**. Plaintiffs each hereby represent, warrant, acknowledge, and affirm as follows:

        a.      that they each have not filed or permitted anyone to file on their respective behalves, any complaints, charges, or claims for relief against the Defendants with any local, state or federal court, or administrative agency other than the instant lawsuit;

        b.      that they each have been paid and have received all compensation, wages, overtime payments, wage supplements, bonuses, commissions, leave, paid and unpaid, paid time off and benefits to which they each may be due for any reason, except as provided in this Agreement; and

        c.      that they each have no known workplace injuries or occupational diseases and have been provided and/or have not been denied any leave requested under the Family and Medical Leave Act.

        5.      **Non-Disparagement.** Plaintiffs each agree that they shall not, directly or indirectly, at any time, make any statement (whether written, oral, electronic, or otherwise) or otherwise take any action that would or might reasonably be interpreted as harmful or disparaging to the Defendants. For purposes of the preceding sentence, "disparaging" shall mean any statement or communication, whether verbal or written, that would tend to lessen the stature or standing of the Parties in the eyes of an ordinary and reasonable person in the community, but will not preclude the Parties from making truthful statements in the context of any legal proceeding including judicial, administrative, arbitration, mediation or other legal proceeding.

        6.      **Response to Inquiries on Employment**. If a prospective employer of any Plaintiff contacts the Defendants seeking an employment reference, the Defendants will only provide that Plaintiff's dates of employment and his position held with the Defendants.

        7.      **Breach of Agreement.** Breach of any of the provisions of this Agreement by any Party to this Agreement shall be pursued solely in arbitration with Eastern District of New York. The Parties agree that the laws of the State of New York shall apply, without regard to its conflict-of-laws principles.

        8.      **Severability.** The provisions of this Agreement are severable. If any provision of this Agreement is held invalid, the invalidity shall not affect other provisions or application of the Agreement that can be given effect without the invalid provision or application.

9. **Non-Waiver.** No waiver of any breach of any term or provision of this Agreement shall be construed to be, or shall be, a waiver of any other breach of this Agreement. No waiver shall be binding unless in writing and signed by the Party waiving the breach. This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, successors, and permitted assigns.

10. **Headings**. The headings in this Agreement are for the convenience of the Parties and are not intended to modify the terms of the Agreement.

11. **Multiple Counterparts.** This Agreement may be executed in two or more counterparts, each of which will be deemed an original, but all of which together shall constitute one and the same instrument. Faxed and e-mailed scanned copies shall be effective and enforceable.

12. **Representation by Counsel and Entire Agreement**. This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior discussions, agreements or understandings between the Parties. The Parties agree that this Agreement was drafted jointly by the Parties, and therefore shall be construed according to its fair meaning, and not strictly for or against any of the Parties. Should any provision of the Agreement be declared or determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and the illegal or invalid part, term or provision shall be deemed not to be a part of the Agreement. This Agreement shall survive the cessation or termination of any arrangements contained herein.

13. **Applicable Law.** This Agreement shall be governed by and interpreted in accordance with the laws of the State of New York.

14. **Voluntary Agreement.** By signing in the space provided below, the Parties agree and affirm that:

   a. Plaintiffs have both been advised to and have carefully read and fully understand all of the provisions of this Agreement;

   b. Each Plaintiff has consulted with his attorney of choice before executing this Agreement;

   c. This Agreement is legally binding, and by signing it, Plaintiffs each understand that they are each, respectively, giving up certain rights, including their right to pursue any claims against the Releasees (inclusive of attorneys' fees and costs) from the beginning of time until the date of this Agreement;

   d. No promise or representation of any kind or character has been made by the Defendants or by anyone acting on their behalf to induce any Plaintiff to enter into this Agreement, and Plaintiffs have not been forced or pressured in any way to sign this Agreement;

   e. Through this Agreement, Plaintiffs are releasing all of the Releasees from any and all claims that he may have (inclusive of attorneys' fees and costs) against the Releasees in exchange for the Settlement Payment described herein;

   f. The Parties knowingly and voluntarily agree to all of the terms set forth in this Agreement, and intend to be legally bound by them.

5

Meo Japanese Grill and Sushi, Inc.

By: _____   DATE: 01 / 08 / 2021
Hananya Aranbaiev, in corporate capacity & 
~~HA.~~   individual capacity

STATE OF New York )
                  ) ss.:
COUNTY OF Nassau  )

On the 8th day of January, 2021 before me virtually appeared ~~Zai You Zhu~~ Hananya Aranbaiev personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and that by his signature on the instrument, the individual executed the instrument and that such individual made such appearance before the undersigned.
This notarization was made pursuant to Executive Order No. 202.7 (2020)(as extended).

_____
NOTARY PUBLIC

DATE: ___ / ___ / ___

NOTARY PUBLIC, State of New York
Reg. No. 01KA6171632
Qualified in Queens County
Commission Expires October 4, 2023

_____
Rafael Kasaev, individually

STATE OF _____ )
                    ) ss.:
COUNTY OF _____ )

On the ___ day of _____, 2020 before me personally appeared Zai You Zhu personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and that by his signature on the instrument, the individual executed the instrument and that such individual made such appearance before the undersigned.

_____
NOTARY PUBLIC

DATE: ___ / ___ / ___

_____
Michael Musheyev, individually

STATE OF _____ )
                    ) ss.:
COUNTY OF _____ )

On the ___ day of _____, 2020 before me personally appeared Zai You Zhu personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and that by his signature on the instrument, the individual executed the instrument and that such individual made such appearance before the undersigned.

_____
NOTARY PUBLIC

DATE: ___ / ___ / ___

_____
Hananya Aranbaiev, individually

*[Page is blank apart from a notary stamp and seal bleeding through from the reverse side, appearing mirrored.]*



NOTARY PUBLIC, State of New York
Reg. No. 01KA6171032
Qualified in Queens County
Commission Expires October 1, _____

**Meo Japanese Grill and Sushi, Inc.**

By: _____  DATE: ____/____/____
   Hananya Aranbaiev
Its: President

STATE OF _____ )
                           ) ss.:
COUNTY OF _____ )

On the ____ day of _____, 2020 before me personally appeared Zai You Zhu personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and that by his signature on the instrument, the individual executed the instrument and that such individual made such appearance before the undersigned.

_____
NOTARY PUBLIC

DATE: _1_/_8_/_2021_

R. K~~~
**Rafael Kasaev, individually**

STATE OF _New York_ )
                           ) ss.:
COUNTY OF _Nassau_ )

On the _8th_ day of _January_, 202~0~1 before me ~~personally~~ *virtually* appeared ~~Zai You Zhu~~ *Rafael Kasaev* personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and that by his signature on the instrument, the individual executed the instrument and that such individual made such appearance before the undersigned.

This Notarization was made virtually pursuant to Executive Order No. 202.7 (2020) (as extended)

_____
NOTARY PUBLIC

DATE: ____/____/____

NOTARY PUBLIC, State of New York
Reg. No. 01KA6171632
Qualified in Queens County
Commission Expires October 4, ~~2023~~ (10/4/2023)

**Michael Musheyev, individually**

STATE OF _____ )
                           ) ss.:
COUNTY OF _____ )

On the ____ day of _____, 2020 before me personally appeared Zai You Zhu personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and that by his signature on the instrument, the individual executed the instrument and that such individual made such appearance before the undersigned.

_____
NOTARY PUBLIC

DATE: ____/____/____

**Hananya Aranbaiev, individually**

6



NOTARY PUBLIC, State of New York
Reg. No. 01EA6117021
Qualified in Queens County
Commission Expires October 1, _____

Meo Japanese Grill and Sushi, Inc.

DATE: ____/____/____

By: _____
   Hananya Aranbaiev
Its: President

STATE OF _____ )
                    ) ss.:
COUNTY OF _____ )

On the ___ day of _____, 2020 before me personally appeared Zai You Zhu personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and that by his signature on the instrument, the individual executed the instrument and that such individual made such appearance before the undersigned.

_____
NOTARY PUBLIC

DATE: ____/____/____

_____
Rafael Kasaev, individually

STATE OF _____ )
                    ) ss.:
COUNTY OF _____ )

On the ___ day of _____, 2020 before me personally appeared Zai You Zhu personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and that by his signature on the instrument, the individual executed the instrument and that such individual made such appearance before the undersigned.

_____
NOTARY PUBLIC

DATE: ____/____/____

_____
Michael Musheyev, individually

STATE OF Florida )
                 ) ss.:
COUNTY OF Miami-Dade )

On the 8 day of January, 2021 before me personally appeared ~~Zai You Zhu~~ Michael Musheyev personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and that by his signature on the instrument, the individual executed the instrument and that such individual made such appearance before the undersigned.

NOTARY PUBLIC

DAVID J URIBE
Notary Public - State of Florida
Commission # GG 925875
My Comm. Expires Dec 7, 2023

DATE: 01/08/2021

_____
Hananya Aranbaiev, individually

6

_____   DATE: ____/____/_____
**Hananya Aranbaiev, individually**

STATE OF _____ )
                        ) ss.:
COUNTY OF _____ )

    On the ____ day of _____, 2020 before me personally appeared Zai You Zhu personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and that by his signature on the instrument, the individual executed the instrument and that such individual made such appearance before the undersigned.

                                                                                 _____
                                                                                 NOTARY PUBLIC

---

_[signature]_
_____   DATE: 1-8-202_
**Zai You Zhu**

STATE OF New York )
                  ) ss.:      QINYU FAN
COUNTY OF Queens  )      NOTARY PUBLIC-STATE OF NEW YORK
                                No. 02FA6397297
                            Qualified in Queens County
                         My Commission Expires 09-03-2023

    On the 8th day of January, 2020 before me personally appeared Zai You Zhu personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and that by his signature on the instrument, the individual executed the instrument and that such individual made such appearance before the undersigned.

                                                                   _Qinyu Fan_
                                                                  NOTARY PUBLIC

---

_[signature]_
_____   DATE: 01/08/2021
**Xiao Cheng**

STATE OF New York )
                  ) ss.:      QINYU FAN
COUNTY OF Queens  )      NOTARY PUBLIC-STATE OF NEW YORK
                                No. 02FA6397297
                            Qualified in Queens County
                         My Commission Expires 09-03-2023

    On the 8th day of January, 2020 before me personally appeared Xiao Cheng personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and that by his signature on the instrument, the individual executed the instrument and that such individual made such appearance before the undersigned.

                                                                   _Qinyu Fan_
                                                                  NOTARY PUBLIC