**MILMAN LABUDA LAW GROUP PLLC**
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

March 24, 2021

**VIA ECF**
Hon. Cheryl L. Pollak, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room 1230
Brooklyn, NY 11201-1804

      Re:    Zhu, *et al.* v. Meo Japanese Grill and Sushi, Inc., *et al.*
             Case No.: 1:17-cv-3521 (LDH) (CLP)
             MLLG File No.: 118-2017

Dear Judge Pollak:

      This office represents Defendants in the above-referenced case. See Docket Entry 6. Defendants write jointly with Plaintiffs to respectfully resubmit[1] their joint motion for settlement approval with a revised settlement agreement based on the parties' discussion at the January 15, 2021 conference.

      Specifically, as to the revision in the settlement agreement, the non-disparagement clause has been revised to state that it will not preclude the Parties from making truthful statements in the context of any legal proceeding, rather than "good faith" statements.

      This Court also raised concerns about the general release provision within the settlement agreement. However, as discussed at the conference, Plaintiffs have pursued claims beyond the realm of wage-and-hour law by way of their sixth cause of action for "deceptive acts and practices" pursuant to the New York General Business Law.

      Courts have routinely approved settlements of hybrid Federal Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") cases with general release provisions where the plaintiffs have pursued claims outside the wage-and-hour realm. See, e.g., Jones v. Arcadia Investment Partners LLC, No. 1:16-CIV.-5700 (AKH) (AJP), Docket Entries 1, 23, 27 (Hellerstein, J.) (approving settlement agreement with general release provision where plaintiff pursued causes of action for unjust enrichment, conversion, and "piercing the corporate veil" beyond the FLSA and NYLL claims asserted therein); see also Leevson v. Aqualife USA, Inc., No. 1:14- CIV.-6905 (JBW) (VMS), Docket Entries 93, 291, Text Only Order dated October 4, 2019 (approving settlement agreement with general release provision where plaintiffs pursued cause of action for breach of contract and an accounting beyond the FLSA and NYLL claims asserted therein).

      As such, Defendants respectfully submit that this Court should find the instant agreement fair and reasonable based on the foregoing authority.

---

[1] The prior motion was referred to this Court; Defendants therefore resubmit the instant letter to this Court.

Alternatively, should this Court decline to find the settlement agreement fair and reasonable based on the above-cited law, Defendants are prepared to enter into a mutual general release with Plaintiffs, which courts have also routinely held are fair and reasonable pursuant to Cheeks.[2] See, e.g., Grullon v. Justin Pharmacy Inc., No. 1:20-CIV.-6122 (OTW), 2021 WL 76386, at *3 (S.D.N.Y. Jan. 8, 2021) (when the plaintiff is a former employee with no ongoing relationship with the employer, courts in this District have approved a general release, if the release is mutual) (citing Strauss v. Little Fish Corp., No. 1:19-CIV.-10158 (LJL), 2020 WL 4041511, at *5-6 (S.D.N.Y. July 17, 2020) ("Such a broad mutual general release operates as a walk away provision: it permits each side to terminate their relationship entirely free from fear that the other will re-engage in the form of a lawsuit.") (citing cases)); see also Small v. Stellar Mgmt. Ltd., No. 1:20-CIV.-2540 (SDA), 2020 WL 7890748, at *1 (S.D.N.Y. Oct. 21, 2020) ("In the present case, the Court finds that mutual general releases are acceptable because Plaintiff no longer works for Defendant; Plaintiff was represented by experienced counsel; and the release, although it extends to individual and entities other than Defendants, does so only to the extent that such persons or entities are acting on behalf of or in privity with Defendants and to claims arising from their activities as such"); Souffrant v. 14-15 Mertens Place Corp., No. 19-CIV.-05482 (BCM), 2020 WL 1166231, at *3 (S.D.N.Y. Mar. 11, 2020) (approving agreement when modified to ensure releases extended only to those acting on behalf of or in privity with the parties and was limited to claims arising from actions taken in such capacities); Khan v. Young Adult Inst., Inc., No. 18-CIV.-2824 (HBP), 2018 WL 6250658, at *2 (S.D.N.Y. Nov. 29, 2018) ("General releases are permissible in FLSA settlements where plaintiff is no longer employed by defendants, the releases were negotiated by competent counsel for both sides and the releases are mutual."); see also Lola v. Skadden, Arps, Meagher, Slate & Flom LLP, No. 13-CIV.-5008 (RJS), 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016) ("[T]here is nothing inherently unfair about a release of claims in an FLSA settlement").

Accordingly, this Court should grant the parties' joint motion for settlement approval with the general release provision. The parties thank this Court for its time and attention to this matter, as well as for the Court's assistance in resolving this case.

Dated: Lake Success, New York
       March 24, 2021                          Respectfully submitted,

                                               **MILMAN LABUDA LAW GROUP PLLC**

                                               _____/s_____
                                               Emanuel Kataev, Esq.
                                               3000 Marcus Avenue, Suite 3W8
                                               Lake Success, NY 11042-1073
                                               (516) 328-8899 (office)
                                               (516) 303-1395 (direct dial)
                                               (516) 328-0082 (facsimile)
                                               emanuel@mllaborlaw.com

                                               *Attorneys for Defendants*

cc: Plaintiffs (via ECF).

---

[2] See Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).