UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------X

ZAI YOU ZHU and XIAO CHENG,

                             Plaintiffs,

               -against-

MEO JAPANESE GRILL AND SUSHI, INC.,
*et al.,*

                            Defendants.

--------------------------------------------------------X

**MEMORANDUM AND ORDER**

17 CV 3521 (LDH) (CLP)

**POLLAK**, United States Magistrate Judge:

On June 12, 2017, Zai You Zhu and Xiao Cheng filed a complaint on behalf of themselves and all others similarly situated against Meo Japanese Grill and Sushi, Inc., Rafael Kasaev, Michael Musheyev, and Hananya Aranbaiev (hereafter, "defendants") alleging violations of the FLSA and the NYLL. Specifically, they claimed that defendants had illegally taken away their tips, failed to record hours or to furnish paystubs, and failed to compensate them for overtime. (Compl.[1] ¶¶ 35-37). They also alleged violations of New York General Business Law § 349, claiming that defendants had engaged in deceptive acts and practices by willfully filing fraudulent information in respect to their payments to plaintiff. (Compl. ¶¶ 103-106).

On January 8, 2021, plaintiffs Zhu and Cheng (hereafter, "plaintiffs"), together with defendants, filed a joint motion for settlement approval. (ECF No. 50). A fairness hearing was held on January 15, 2021, during which the Court denied approval because of the proposed non-

---

[1] Citations to "Compl." refer to the Complaint, filed June 12, 2017, ECF No. 1.

disparagement clause and broad general release, which released defendants from claims unrelated to the NYLL or FLSA.  (See Minute Entry dated 1/19/2021).

On March 24, 2021, defendants and plaintiffs resubmitted their joint motion for settlement with revisions to the non-disparagement clause, which now contains an exception for truthful statements in the context of any legal proceeding.  (Am. Sett. Agr.[2] ¶ 5).  The parties continue to insist that the general release is proper.  Defendants also stated that if the Court denies the motion again because of the general release, they will agree to a mutual general release with plaintiffs.  The parties have consented to this Court's jurisdiction to determine the fairness of the proposed settlement of this matter.[3]

The motion for joint settlement approval is denied without prejudice to renew at such time as the parties revise the non-disparagement and release clauses.


DISCUSSION

I.      Release of Claims

        A.      General Release

The proposed settlement agreement contains a general release that protects defendants from all possible claims against them "from the beginning of time to the date of each Plaintiff's execution of this Agreement."  (Am. Sett. Agr. ¶ 3 (a)).  This release is too broad.  Courts in this Circuit routinely reject broad releases in FLSA cases of "unknown claims and claims that have no relationship whatsoever to wage-and-hour issues."  Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 181, n.65 (S.D.N.Y. 2015).  Judges in two recent cases have ruled that settlements

---

[2] Citations to "Am. Sett. Agr." refer to the Amended Settlement Agreement, filed March 24, 2021, ECF No. 51.

[3] See Consent to Magistrate Judge Disposition, endorsed by the Honorable LaShann DeArcy Hall on April 5, 2021, ECF No. 54.

in FLSA cases cannot release the defendant from non-FLSA claims. "The case law is clear that 'any release provision must be limited to the claims at issue in this action.'" <u>Grullon v. Justin Pharmacy Inc.</u>, No. 20 CV 6122, 2021 WL 76386, at *2 (S.D.N.Y. Jan. 8, 2021). Similarly, "an employer is not entitled to use an FLSA claim (a matter arising from the employer's failing to comply with the FLSA) to leverage a release from liability unconnected to the FLSA." <u>Guerra-Alonso v. W. 54 Deli, Corp.</u>, No. 14 CV 7247, 2015 WL 3777403, at *2 (S.D.N.Y. May 22, 2015) (citing <u>Moreno v. Regions Bank</u>, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010)). In this case, the proposed settlement agreement releases defendant from liability under statutes unrelated to plaintiff's FLSA and General Business Law claims, such as the Americans with Disabilities Act, the Equal Pay Act, and the New York State Human Rights Law. (Am. Sett. Agr. ¶ 3 (b)(i)). Since such claims were not referenced in this complaint, the release is impermissible under <u>Guerra-Alonso</u>. The parties' proposed release of all legal claims against defendants is improperly broad and does not conform to current case authority under <u>Cheeks.</u>


   B. <u>Mutual General Release</u>

   In the letter accompanying the proposed settlement agreement, defendants state that they are willing to enter a mutual general release with plaintiffs if the current one-sided release is rejected. Courts in this Circuit have routinely approved mutual general releases when the plaintiffs are represented by competent counsel, when the case is not a collective action, and when the plaintiffs are no longer employed by the defendants. This case meets all these criteria.

   The court in <u>Strauss v. Little Fish Corporation</u> held that settlement agreements that release both sides from non-FLSA claims are acceptable when the agreement "was the fair result of a balanced negotiation, in which Plaintiffs were represented by able counsel." <u>Strauss v. Little</u>

Fish Corp., No. 19 CV 10158, 2020 WL 4041511, at *5 (S.D.N.Y. July 17, 2020).  The same

language had been used to approve a mutual general release in Lola v. Skadden, Arps, Meagher,

Slate & Flom LLP, No. 13 CV 5008, 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016).  There,

"the Court conclude[d] that the mutual releases of claims in the Settlement are fair and

reasonable, and do not run afoul of the FLSA's purpose of preventing abuse by employers.

Specifically, the Court is satisfied that the Settlement, including the release of non-FLSA claims,

was the fair result of a balanced negotiation, in which Plaintiffs were represented by able

counsel." Id.

In the instant case, negotiations were fair and balanced due to the involvement of a

professional mediator and the fact that plaintiffs' counsel, Hang Jian, has over ten years of

experience in employment law litigation.  Furthermore, while this case was initially filed as a

collective action complaint and steps were taken to certify it as such, the settlement agreement

only binds plaintiffs Zai You Zhu and Xiao Cheng.  Mutual general releases in collective action

cases are generally rejected, as the involved plaintiffs may have unequal bargaining power and

knowledge of their potential future claims against the defendants.  However, multiple courts

have approved these types of releases when collective action concerns are irrelevant: "[the court]

was satisfied with a mutual general release because it was negotiated by competent counsel, no

motion for class/collective certification was filed, and it only bound the plaintiffs explicitly

named in the agreement." Weng v. T&W Rest., Inc., No. 15 CV 8167, 2016 WL 3566849, at *5

(S.D.N.Y. June 22, 2016).  In this case, while motions for collective action certification were

filed, the case is being settled as an individual action and the release only binds the two named

plaintiffs, who ought to be aware of any continued claims that they have against defendants.  See

<u>Souza v. 65 St. Marks Bistro</u>, No. 15 CV 327, 2015 WL 7271747, at *6 (S.D.N.Y. Nov. 6, 2015).

Finally, judges have ruled that in the absence of a continued employment relationship, mutual general releases are acceptable.  In <u>Plizga v. Little Poland Restaurant</u>, a mutual general release was approved because "the plaintiff . . . is no longer an employee of the defendants, eliminating the danger that the release was obtained through improper job-related pressure." <u>Plizga v. Little Poland Rest. Inc.</u>, No. 15 CV 8820, 2016 WL 9307474, at *6 (S.D.N.Y. July 18, 2016).  Similarly, the court in <u>Souza v. 65 St. Mark's Bistro</u> ruled that because the plaintiff no longer relied on defendants for employment, a mutual general release would provide helpful closure for both parties: "A mutual release will ensure that both the employees and the employer are walking away from their relationship up to that point in time without the potential for any further disputes. It is just as necessary for employees to obtain a release from the employer in these circumstances, otherwise they could still face the threat of litigation."  <u>Souza v. 65 St. Marks Bistro</u>, No. 15 CV 327, 2015 WL 7271747, at *5 (S.D.N.Y. Nov. 6, 2015).


II.    <u>Non-Disparagement Agreement</u>

The proposed non-disparagement clause prohibits plaintiffs from making any disparaging statements about defendants, except for truthful statements in the context of a legal proceeding. This type of clause has been found unacceptable by several courts.  First, courts in this Circuit have routinely found that because non-disparagement clauses "typically contravene the nature of the FLSA," they are only acceptable when they contain exceptions for truthful statements about the litigation process.  The court in <u>Lazaro-Garcia v. Sengupta Food Services</u> held that when plaintiffs are barred from making any negative statements about defendants, the agreement "must

include a carve-out for truthful statements about plaintiffs' experience litigating their case."
Lazaro-Garcia v. Sengupta Food Services et al., No. 15 CV 4259, 2015 WL 9162701, at *3
(S.D.N.Y. Dec. 15, 2015) (quoting Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 180,
n.65 (S.D.N.Y. 2015)).

 The instant agreement contains no such carve-out; plaintiffs would only be permitted to
discuss the litigation process during a subsequent legal proceeding.  In Rios Lopez v. Blue WP,
the judge rejected a non-disparagement agreement with an exception for legal proceedings
because it neglected to include a carve-out for truthful statements about the litigation process.
While the agreement in Rios Lopez included an exception for "truthful statements when
'compelled by subpoena, under oath, or in any investigation conducted by any government
agency,'" the court ruled that "this language does not adequately constitute a carve-out for
truthful statements about [the parties'] experience litigating their case." Rios Lopez v. Blue WP,
Inc., No. 18 CV 11360, 2020 WL 8991785, at *1 (S.D.N.Y. May 22, 2020).  The agreement
rejected in that case was almost identical to the one proposed here.  Both are too narrow, as they
prohibit truthful statements about the litigation process outside of a legal context.  By contrast,
non-disparagement clauses that contain carve-outs for "truthful statements made by any of the
Parties regarding their experiences in the Litigation and/or the underlying facts of any claim or
defense" have been approved in this Circuit.  Ramos Pelico v. PGNV, LLC, No. 18 CV 9761,
2019 WL 2710176, at *3 (S.D.N.Y. June 28, 2019).

 Second, the non-disparagement clause in this case is unacceptable in its current form
because the mutual general release provision, although permissible, will minimize plaintiffs'
ability to make truthful statements about defendants and the litigation process.  Under the terms
of the mutual general release, neither party may initiate a legal proceeding related to the

6

plaintiffs' time as employees.  Consequently, plaintiffs will never have the opportunity to make truthful statements in the context of such a proceeding.  Not only is the restrictive non-disparagement clause improper under the case law of this Circuit, but its carve-out is rendered illusory by the release provisions.  The non-disparagement clause of the agreement should either be removed entirely or revised to include an exception for truthful statements about the litigation process, in accordance with Lopez v. Nights of Cabiria and Ramos Pelico v. PGNV, LLC.

For the above reasons, the Court rejects the proposed settlement agreement as written. The parties may re-submit an amended agreement with a mutual release and a proper non-disparagement clause.


CONCLUSION

The Court denies the motion for settlement approval.  The parties are instructed to meet and confer to see if they can reach an amended agreement, which should include a revised non-disparagement agreement and a mutual release of claims.  The parties are ordered to submit either a status report or a motion for joint settlement approval within 30 days of the date of this Order.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
June 29, 2021

/s/ Cheryl L. Pollak
Cheryl L. Pollak
Chief United States Magistrate Judge
Eastern District of New York

7